IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Sidney Mariani Colon,
    Plaintiff,

      v.

United States of America, et al.
    Defendants.

Civil No. 05-1478 (GAG)

## OPINION AND ORDER

This matter is before the court on a motion for summary judgment submitted by defendant United States of America. The action was commenced by plaintiff, Sidney Mariani Colon ("Mariani") against his former employer, the Department of Homeland Security ("DHS"), alleging retaliation and race, sex, color and national origin discrimination pursuant to Title VII. After reviewing the record and pertinent law, the court **GRANTS** defendant's motion (Docket No. 21).

**I.     Summary Judgment Standard & Local Antiferreting Rule**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In order to defeat summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." See Fed. R. Civ. P. 56(e). The court must view the record and all reasonable inferences in the light most favorable to the party opposing summary judgment. See id. If the court finds that some genuine factual issues remains, whose resolution could affect the outcome of the case, the court must deny the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 284 (1986). "The movant's burden is particularly rigorous when the disputed issue involves questions of motive or intent, since in these cases jury judgments about credibility are typically thought to be of special importance." Lipsett v. Univ. of P.R., 864 F.2d 881, 895 (1st Cir. 1988).

In addition to these requirements, a motion for summary judgment and opposition shall

**Civil No. 05-1478 (GAG)**                                2

comply with the requirements of Rule 56 of the Local Rules of the United States District Court for the District of Puerto Rico. Specifically, Local Rule 56(b) requires the moving party to file, annexed to its motion, "a separate, short and concise statement of the material facts...as to which the moving party contends there is no genuine issue of material fact to be tried." The nonmoving party is then required to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. See Local Rule 56(c). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road toward an early dismissal." See Diaz v. PaviaHealth, 2005 WL 2293578, *3 - 4 (West 2005).

The movant in this case has complied with Rule 56(b) by filing a separate supporting statement of uncontested facts with appropriate references to the record. See Docket No. 23. Plaintiff, on the other hand, did not fully comply with the Rule 56 (c). Instead, plaintiff filed his own statement of contested facts. While each fact is referenced appropriately it does not admit or deny any of defendant's facts. Unless properly controverted, all the material facts set forth in the movant's statement shall be deemed admitted. See Local Rule 56(e); Cosme Rosado v. Serrano Rodríguez, 360 F. 3d 42, 45 (1st Cir. 2004). Therefore, all of defendant's statement of uncontested facts are deemed admitted. Notwithstanding, the court views the record and all reasonable inferences in the light most favorable to the nonmoving party.

**II.     Relevant Procedural & Factual Background**

At the outset, the court notes on the procedural posture of this motion. The case was commenced on May 5, 2005. See Docket No. 1. On March 3, 2006, the defendant filed for an extension of time to file its motion for summary judgment. See Docket No. 17. On March 7, 2006, the same was granted. See Docket No. 18. On March 9, 2006, plaintiff filed for and was granted an extension of time to conduct discovery. See Docket No. 19, 20. In his memorandum in opposition to the motion, plaintiff cursorily states that no discovery was conducted in this case. However, plaintiff had ten (10) months to conduct discovery before this motion was filed. Additionally, plaintiff did not object to the filing of this motion and instead requested two (2) extensions of time to file his opposition. See Docket Nos. 26, 28. Plaintiff proceeded to oppose the

**Civil No. 05-1478 (GAG)**                3

same and no additional discovery matters were subsequently raised.   The matter is now ripe.

Mariani was hired by the Department of Homeland Security ("DHS") as a Federal Air Marshal for the Transportation Security Agency ("TSA"). See Docket No. 23, ¶ 1.  He was hired as a conditional appointee subject to the successful completion of the Firearms Training Program at the Federal Law Enforcement Training Center ("FLETC"). Id. at ¶ 5. He was previously employed with the Department of Justice's Bureau of Prisons as ad GS-6 Corrections Officer. Id. at ¶ 4.

In April 2002, Mariani submitted a Duty Location Preference Form and out of eight cities ranked New York City as his first choice. Id. at ¶ 6.  He was subsequently assigned to the New York Office. Id. at ¶ 9. In May 2002, Mariani was offered a "G Pay Band" with a total salary of $52,780.00. Id. at ¶ 7.  He did not qualify for a higher pay band because he lacked experience. Id.

On June 6, 2002, Mariani was advised of several violations during one of his training classes at the FLETC program. Id. at ¶ 10.  On June 8, 2002, Mariani was warned again when he pointed his gun downrange while other candidates were in the impact area. Id. at ¶ 11.  On June 10, 2002, Mariani was officially restricted from attending any further firearms training for failure to comply with safety regulations.  In a letter from the FLETC Program Manager, Mariani was informed that the restriction would not allow him to meet the mandatory requirements to successfully complete all training criteria needed to receive a diploma of graduation. Id. at ¶¶ 14 – 15.  On June 10, 2002, Mariani was put on administrative paid leave and returned home to Puerto Rico. Id. at ¶¶ 17-18. Given that he had failed his firearms certification, Mariani was offered an administrative position in New York City. Id. at ¶ 19.  However, Mariani requested to be put on sick leave. Id. at ¶ 20.

On June 18, 2002, Mariani notified the TSA's EEO Counseling Office that he was a victim of discrimination. Id. at ¶ 21.  On August 12, 2002, the Agency terminated Mariani citing failed requirements of the initial appointment to the Air Marshall Program. Id. at ¶ 23.  On February 22, 2005, the DHS entered Final Order on the EEO complaint concluding that Mariani had failed to prove that he was discriminated. Id. at ¶ 25.

Mariani, a black Puerto Rican, asserts that he was discriminated because other non-black and non-Puerto Rican trainees, with less federal employment years and job experience were granted higher salaries. Id. at ¶ 2; See Docket No. 32, ¶ 2.  Mariani also alleges that other trainees were

**Civil No. 05-1478 (GAG)**                                    4

granted desired placements denied to him. See Docket No. 32, ¶ 2. Mariani alleges that he was singled out during training sessions and was disciplined differently than others. Id. at ¶ 4. Specifically, he alleges that he was not given any repeated written warnings for firearm violations, rather was verbally corrected and encouraged to improve his scores and technique. Id. at ¶ 4. Also, Mariani cites to several instances where other trainees forgot to return their weapons to the gun rack before getting on the bus and boarded with their guns in their holsters. Id. at ¶ 7. These incidents went undisciplined. Finally, Mariani alleges that he was retaliated against for his EEO filing because he was not fired before being offered an administrative job in New York but rather after he filed the complaint. Id. at ¶ 13.

**II.     Legal Analysis**

Defendant argues that it is entitled to summary judgment because Mariani cannot satisfy a *prima facie* case of discrimination nor demonstrate that the reason for his termination was but a mere pretext. Also, defendant argues that it did not retaliate against Mariani.

*A.     Title VII claims*

In an action alleging employment discrimination, absent direct evidence of discrimination like in the instant case, a plaintiff may present circumstantial evidence to prove discrimination. The court analyzes plaintiff's case under three-part burden-shifting framework, also referred to as the McDonnell Douglas model. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). First, the plaintiff must establish a *prima facie* case by presenting enough evidence to raise an inference of discrimination. Id. Only once the plaintiff satisfies his burden, must the employer articulate a legitimate, nondiscriminatory reason for its employment decision. Id. If the employer provides such reason, the burden shifts back to the plaintiff to proffer evidence that he was treated differently on account of his sex, race, color or national origin. Id. This evidence, viewed in the light most favorable to the plaintiff, must be sufficient to prove that the employer's reason was but a mere pretext for discrimination. Texas Department of County v. Burdine, 450 U.S. 248, 256 (1981).

Title VII outlaws discrimination based on, *inter alia*, race, color, religion, gender, or national origin. 42 U.S.C. § 2000e. To survive defendant's motion on the pleadings plaintiff must allege enough facts, which at the very least give rise to an inference of a discriminatory animus. Dewey v.

**Civil No. 05-1478 (GAG)**                            5

University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982).

A review of the pleadings, reveals a total lack of factual averments alleging that defendant's discriminatory actions against Mariani were motivated by his race, sex, color, or national origin. More importantly, the pleadings fail to show which of the different categories of discrimination addressed in 42 U.S.C. § 2000e-2(a) plaintiff has been a victim of on the part of defendant. Even in cases relying on circumstantial evidence, the court will grant summary judgment in favor of the defendant if plaintiff's claim rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Suarez v. Pueblo Int'l Inc., 229 F.3d 49, 53 (1st Cir. 2000) (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). Plaintiff cannot make his *prima facie* case on speculative contentions. Therefore, having failed to plead enough facts to establish a *prima facie* case under the McDonnell Douglas burden shifting framework for race, sex, color, or national origin discrimination, the Title VII claim must be dismissed.

Furthermore, even assuming *arguendo* that Mariani had established a *prima facie* case, he cannot satisfy his burden of demonstrating that genuine issues of fact exists that the reasons given for his termination, namely the repeated warnings on safety violations, were pretext. Thus, defendant is granted summary judgment on all of plaintiff's Title VII claims.

### *B.   Retaliation*

A plaintiff must establish three elements to prove a *prima facie* case of retaliation under either under Title VII: 1) that he engaged in protected activity, 2) that he suffered an adverse employment action, and (3) that there is a causal connection between the protected activity and the adverse action. Noviello v. City of Boston, 398 F.3d 76, 88 (1st Cir. 2005). In the instant case, defendant does not dispute that Mariani was engaged in a protected activity nor that he suffered an adverse employment action. Defendant asserts that Mariani's decision to seek EEO counseling on employment discrimination was not causally connected to his termination. The court agrees.

Defendant has provided several exhibits to demonstrate that plaintiff's failure to comply with safety regulations led to his restriction from the FLETC program. Most notably, the letter where Mariani is officially restricted from the program warns him that it would result in his failure to receive a graduation diploma. Finally, Mariani was offered an administrative position but instead

**Civil No. 05-1478 (GAG)**                6

took steps to go on sick leave. The record is void of any evidence of retaliatory animus and plaintiff presents no evidence to suggest that issues of fact exist. Thus, summary judgment is warranted for defendant on plaintiff's retaliation claim.

**III.    Conclusion**

For the aforementioned reasons, the court **GRANTS** defendant's motion for summary judgment (Docket No. 21). Given that there exists no other case or controversy, the action is terminated.

**SO ORDERED**.

In San Juan, Puerto Rico this 10th day of August 2006.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States Magistrate-Judge